In the Matter of Roy M. D. RICHARDSON et al., Appellants. ABE STARK, as President of the City Council of the City of New York, et al., Respondents; THOMAS J. RHATIGAN, Intervener, Respondent.

Argued June 28, 1954; decided June 28, 1954.

*Charles H. Tuttle, Carmine A. Ventiera, John R. Bartels* and *Roy M. D. Richardson,* in person, for Roy M. D. Richardson and others, appellants. I. The layouts of these proposed Assembly districts are grossly violative of each and all of the standards, requirements and restrictions made mandatory by section 5 of article III of the State Constitution. (*Matter of Sherrill* v. *O'Brien,* 188 N. Y. 185; *Matter of Tishman* v. *Sprague,* 293 N. Y. 42.) II. The courts have repeatedly voided Senate and Assembly districts far less rambling and fantastic than the proposed Assembly districts here involved. (*Matter of Livingston,* 96 Misc. 341; *People ex rel. Carter* v. *Rice,* 135 N. Y. 473; *Matter of Timmerman,* 51 Misc. 192.) III. The excuses attempted are not only not recognized by the Constitution but are lethal to it. IV. The attempted reference to Congressional districts furnishes no pertinent analogy, because there are no constitutional restrictions for Congressional apportionments, and because no court review is provided. V. The suggestions as to alleged laches and consequential chaos are both unfounded and irrelevant.

*Adrian P. Burke, Corporation Counsel* (*W. Bernard Richland, Seymour B. Quel, Bernard Friedlander* and *Blossom G. Saxe* of counsel), for respondents. I. The Constitution requires the division of Senate districts into Assembly districts which are as nearly equal in citizen inhabitants as may be and which are composed of convenient and contiguous territory in as compact form as practicable. The Assembly districts here involved are unquestionably equal in number of citizen inhabitants; they are manifestly made up of contiguous territory; they are as compact as they could be consistent with convenience. In adhering to

the policy of endeavoring to preserve pre-existing Assembly districts, the city council properly and lawfully carried out the basic constitutional requirement that Assembly districts shall be convenient. II. The record was barren of proof to support essential allegations of the petition, and the documentary evidence abundantly supported the denials and affirmative defenses in the answer. (*Matter of Smith* v. *Board of Supervisors of St. Lawrence Co.,* 148 N. Y. 187; *Matter of Sherrill* v. *O'Brien,* 188 N. Y. 185; *Matter of Dowling,* 219 N. Y. 44.) III. In a situation in which time is of the essence in the very highest degree, petitioners waited weeks before bringing this matter on to be heard. IV. It is already so late that a re-reapportionment of Assembly districts, with necessarily concomitant recasting of election districts and reinitiation of printing of indispensable election supplies, could not be accomplished in time to meet the deadlines in the Election Law timetable. The turmoil which the overturning of the existing reapportionment of almost half of the Assembly districts in Kings County would create would be highly inimical to the public interest and would obstruct essential electoral processes. (*People ex rel. Carter* v. *Rice,* 135 N. Y. 473.)

*George Rosling* for intervener-respondent. I. If, *arguendo,* the Assembly district lines were now to be in any respect invalidated by the courts, remedial procedures may not be made effective with respect to the 1954 elections; for to do so would create a chaotic condition. (*Sherrill* v. *O'Brien,* 186 N. Y. 1; *People ex rel. Carter* v. *Rice,* 135 N. Y. 473; *Matter of Mitchell* v. *Boyle,* 219 N. Y. 242; *Matter of Moore* v. *Walsh,* 262 App. Div. 1060, 286 N. Y. 552; *Matter of Torchin* v. *Cohen,* 286 N. Y. 544; *Matter of McDonald* v. *Heffernan,* 300 N. Y. 488; *Matter of Cavallaro* v. *Cohen,* 293 N. Y. 741; *Matter of Smith* v. *Board of Supervisors of St. Lawrence Co.,* 148 N. Y. 187; *Matter of Baird* v. *Board of Supervisors of Co. of Kings,* 138 N. Y. 95; *Matter of Burns* v. *Flynn,* 268 N. Y. 601; *Matter of Sherrill* v. *O'Brien,* 188 N. Y. 185.)

LEWIS, Ch. J. In the proceeding before us, instituted pursuant to sections 1–5 of chapter 773 of the Laws of 1911, the four petitioners-appellants — citizens of Kings County — have challenged the constitutionality of procedure by the city coun-

cil of the City of New York, respondents herein, acting as a board of apportionment, in reapportioning four Assembly districts in Kings County in accord with section 5 of article III of the Constitution of the State of New York, and chapter 893 of the Laws of 1953, as amended by chapters 2 and 497 of the Laws of 1954.

At Special Term, Supreme Court, Kings County, the apportionment by the city council was declared void as violative of section 5 of article III of the State Constitution, and certain of the respondents herein were enjoined from certifying the apportionment to the Secretary of State and to the Clerk of Kings County. At the Appellate Division the order of Special Term was reversed on the law, two Justices dissenting, and the informal findings of fact were affirmed.

The apportionment thus challenged was authorized by legislation (L. 1953, ch. 893) which altered the boundary lines of certain Senate districts within Kings County and reduced from twenty-four to twenty-two the number of Assembly districts comprised within that county. The particular reapportionment to which petitioners' challenge is directed involves the third, fourth, fifth and seventeenth Assembly districts, located respectively in the thirteenth, eighteenth, tenth and eleventh Senatorial districts.

The provision of the Constitution (art. III, § 5), which governs the apportionment of Assembly districts, is in part as follows: " § 5. * * * In any county entitled to more than one member * * * the body exercising the powers of a common council * * * shall prescribe, and divide such counties into assembly districts *as nearly equal in number of inhabitants, excluding aliens, as may be, of convenient and contiguous territory in as compact form as practicable* * * *." (Italics added.)

Upon this appeal our inquiry goes to the question whether, in reapportioning the four Assembly districts here involved, the respondents, acting as a board of apportionment, complied with the italicized portions of the constitutional provision quoted above.

At the outset it is important to note that the petitioners do not charge a failure by the board of apportionment to reappor-

tion the four Assembly districts " * * * as nearly equal in number of inhabitants, excluding aliens, as may be * * *." Indeed, as to that first and fundamental requirement, it was conceded upon the argument that no challenge is made.

The question for our decision, therefore, is whether there is evidence of record, sufficient as a matter of law, to serve as a basis for the Special Term order which declared the challenged reapportionment void upon the ground that — as indicated by that court's opinion — the irregular boundary lines of the four reapportioned Assembly districts render those districts neither convenient nor in as compact form as practicable.

The burden of establishing that the reapportionment accomplished by the respondents is unconstitutional rests upon the petitioners-appellants who are the parties asserting its unconstitutionality. (*People ex rel. Henderson* v. *Supervisors*, 147 N. Y. 1, 15–16; *People ex rel. Carter* v. *Rice*, 135 N. Y. 473, 483–484, 500–501; *Matter of Sherrill* v. *O'Brien*, 188 N. Y. 185, 196–199; *Matter of Fay*, 291 N. Y. 198, 206–207.) As to whether in this proceeding the petitioners have met that burden, we note that the answers interposed by the respondents — after denying allegations of the petition which asserted the invalidity of the four reapportioned Assembly districts — pleaded affirmative defenses including allegations and supporting factual data from which it appears that the changes made in the pre-existing Assembly district lines were dictated not only by changes made by the Reapportionment Act in the territorial content of Senate districts but also by the reduction from twenty-four to twenty-two in the number of Assembly districts in Kings County. According to the allegations and data thus pleaded by the respondents as affirmative defenses, the four Assembly districts as reapportioned by the city council fulfilled in each instance the first constitutional requirement of equality in number of inhabitants and, insofar as is practicable — consistent with that first constitutional requirement — paid due regard to the factors of convenience, contiguity and compactness.

When the proceeding came on for trial at Special Term, the denials and allegations contained in the answers tendered sharp issues of fact which, in our view, made proof essential to decision. In this record there is a total lack of such proof.

In *Matter of Dowling* (219 N. Y. 44) — a case in which the constitutionality of an apportionment of Senate districts was challenged — districts were laid out not substantially unlike those with which we are here concerned (see petitioners' Exhibits D, H, I and 11 in *Dowling* case). There Judge CHASE, who nine years earlier had also written for the court in the *Sherrill* case (*supra*), had occasion to note (p. 58) that a similar constitutional provision as here involved " * * * does not provide unqualifiedly for compactness. Senatorial districts are not required to be in the form of geometric figures, as a square or perhaps a circle. Such a provision would be impractical and impossible to carry out. It is expressly provided that the districts shall be as *compact as practicable*. This permits of a consideration in good faith of existing lines, topography, means of transportation, etc." (Italics are in original text.)

Significant to our consideration of the present case — where the record indicates that, at Special Term, the decision rested primarily on a visual examination of maps of the area involved — is the further statement by this court in its opinion in the *Dowling* case (*supra,* p. 59): " While some of the districts in the counties named may be subject to criticism with respect to compactness, we are unable to say from a mere inspection of the maps that the constitutional provision in regard to compactness has been violated."

As in the *Dowling* case (*supra*) — where the shape of each Senate district depended in some measure upon surrounding county boundaries — so in the case at hand — where Assembly districts are involved — the shape of each of the four reapportioned Assembly districts depends in some measure upon the shape of the Senate district of which it is a part. Here the shifting of Senate district lines in accord with the Reapportionment Act served to alter the boundaries of each of the integrated Assembly districts; here new Assembly district lines — thus altered to conform with the new Senate district boundaries — which must enclose territory wherein are inhabitants " * * * as nearly equal in number * * * excluding aliens, as may be ", could not be fixed without some resulting irregularity,

and without affecting to some degree — favorably or unfavorably — the factors of convenience and compactness.

In the absence of proof before the court at Special Term that the reapportionment here challenged was — as alleged in the petition and denied by the respondents in their answers — '' arbitrary and based on personal and political considerations and not on the convenience of the voters * * * or any factor relating to the public interest, and the lines thereof were drawn with the purpose of assuring the continuous election of the candidates of one particular political party and the control of such respective districts by particular political leaders ''; and in the absence of proof that territory within the Assembly districts as reapportioned is not convenient, contiguous and in as compact form as practicable, we conclude, in the circumstances disclosed by this record, that there was no basis, sufficient in law, to support the order made at Special Term.

Accordingly, the order of the Appellate Division, reversing on the law the order of Special Term, should be affirmed.

FULD, J. (dissenting). It has long been settled that the courts have a duty to see that the act of apportionment or reapportionment, the formation of senate or assembly districts, does not conflict with any mandate of the Constitution. (See *Matter of Sherrill* v. *O'Brien,* 188 N. Y. 185, 195 *et seq.*) In my opinion, the constitutional requirement that assembly districts be '' of convenient and contiguous territory *in as compact form as practicable*'' (N. Y. Const., art. III, § 5), has been plainly violated.

While some irregularity in shape of a district may not alone condemn the proposed reapportionment, and while more than '' mere inspection of * * * maps '' may be necessary in cases where the lack of compactness is debatable (*Matter of Dowling,* 219 N. Y. 44, 59), here each of the four districts challenged is so peculiarly shaped, so many sided and multi-angled, of such a bizarre character, as only to reflect the sort of proscribed gerrymandering at which the constitutional provision was directed. (See, e.g., *Matter of Sherrill* v. *O'Brien, supra,* 188 N. Y. 185.) In the *Sherrill* case (*supra,* 188 N. Y. 185) this court condemned a senate district, in shape, quite different from those in *Dowling,* but not unlike those here

involved, for lack of compactness with these words (pp. 210–211):

> "A reference to the diagram will show how grossly the provision of the Constitution in regard to compactness has been violated * * *. The reasons alleged for the rambling territory comprising the thirteenth senate district with its boundaries of many sides and various angles are wholly immaterial and not recognized by the Constitution in the apportionment of senate districts. * * * Within the limits of a city entitled to many senators the requirements for compactness would seem to exclude all possibility of a district in the shape of the thirteenth senatorial district as shown on the diagram."[1]

Petitioners met the burden of proof imposed upon them once it appeared that the districts were so irregularly and grotesquely shaped, so rambling in character, as to lack all semblance of compactness. It was then incumbent upon respondents, the public officials responsible for the creation of the districts and the only parties conversant with the facts and the reasons, if any, for the sort of districting effected, to come forward with some reasonable explanation for the character of the districts and show, if possible, that they were "in as compact form as practicable."

The order of the Appellate Division should be reversed and that of Special Term reinstated.

CONWAY, DESMOND, DYE and FROESSEL, JJ., concur with LEWIS, Ch. J.; VAN VOORHIS, J., concurs in the result with respect to the fourth Assembly district in the eighteenth Senate district, but votes to reverse the order of the Appellate Division and reinstate that of Special Term with respect to the other Assembly districts involved for the reasons stated in the dissenting opinion by FULD, J.; FULD, J., dissents and votes to reverse in an opinion.

Order affirmed.

---

1. Attached as an Appendix to this opinion are diagrams of two of the four districts here in question, and, for purposes of easy comparison, the diagram of the senate district involved in the *Sherrill* case which appears at page 191 of 188 New York.

Shaded portion represents the Third Assembly District of the Thirteenth Senate District, one of the four districts which the court is now upholding:

Shaded portion represents the Fifth Assembly District of the Tenth Senate District, another of the four districts which the court is now upholding:

Shaded portion represents the district in *Matter of Sherrill* v. *O'Brien* which this court held violative of the constitutional provision (art. III, § 4) that each senate district shall be '' in as compact form as practicable '' (188 N. Y., at pp. 205, 210–211) :