HAROLD L. KNAUF, Plaintiff, *v.* COUNTY LEGISLATURE OF THE COUNTY OF MONROE et al., Defendants.

Fourth Department, May 23, 1967.

*Harris, Beach, Keating, Wilcox, Dale & Linowitz (Robert J. Mooney* of counsel), for plaintiff.

*William J. Stevens, Monroe County Legal Adviser (William R. Baxter* of counsel), for County Legislature and others, defendants.

*Hyman T. Maas* for Town of Irondequoit, respondent.

*Per Curiam.* A proceeding was originally commenced under article 78 of the CPLR to test the validity of a ruling by the Chairman of the Monroe County Legislature that plaintiff was ineligible to hold office in such Legislature. Thereafter this controversy was submitted on stipulated facts for a determination of the issue of whether or not plaintiff, who was elected

Supervisor of the Town of Irondequoit in 1965 and was thereafter in 1966 elected Monroe County Legislator from the 14th District (entirely within that town but only a portion of it) is entitled to hold both offices at the same time. The parties have stipulated that the County Legislature became the official legislative body of the County of Monroe on January 1, 1967 and that plaintiff attended the organizational meeting thereof on January 3, 1967 and voted thereat in the election of the Chairman and Clerk of said Legislature. The Chairman then ruled that plaintiff was ineligible to hold the office of County Legislator because he was then occuping the office of Supervisor of the Town of Irondequoit. Plaintiff demands judgment that he is entitled to hold both offices at the same time.

Section 411 of the County Law provides that no elective county officer shall be eligible to hold at the same time any elective town office. In our opinion a Monroe County Legislator is an elective county officer. He is so referred to in section 201 of the Monroe County Charter and subdivision 2 of section 33 and of section 10 (subd. 1, par [ii], subpar. a, cl. [1]) of the Municipal Home Rule Law. The County Legislator occupies the same position in relation to the county as Members of Assembly and Senators occupy in relation to the State, as City Aldermen occupy in relation to the city, and as Town Councilmen occupy in relation to a town. Assemblymen and State Senators are State officers (Public Officers Law, § 2). Aldermen are city officers (Second Class Cities Law, §§ 10, 11) and town councilmen are town officers (Town Law, § 20, subd. 5). County Legislators perform legislative functions for the county but perform no functions at all for the district from which they are elected. Such districts are not municipal corporations. They have no officers. It is clear that the County Legislator is not an officer of such district but is a county officer. While the Chairman of the county legislative body had the initial right to raise the legal issue of plaintiff's eligibility to be a member of that body, we resolve the issue by a determination that plaintiff was improperly denied the right to be seated as a member thereof.

A Town Supervisor is an elective town officer (Town Law, § 20, subd. 5). Under the provisions of section 411 of County Law plaintiff is not eligible to hold the office of Town Supervisor at the same time that he is the County Legislator. Plaintiff upon accepting and qualifying for the office of County Legislator on January 3, 1967 thereby vacated the office of Town Supervisor (*Matter of Smith* v. *Dillon,* 267 App. Div. 39, 43). Judgment should therefore be rendered declaring that plaintiff is, and since January 3, 1967 has been eligible to hold the office

of Monroe County Legislator and that the office of Supervisor became vacant and he has not been eligible to hold the office of Supervisor of the Town of Irondequoit since January 3, 1967. That office being vacant, a successor may at once be appointed to fill the vacancy (*Matter of Smith* v. *Dillon, supra*; Town Law, § 64, subd. 5).

Concur: WILLIAMS, P. J., BASTOW, GOLDMAN, HENRY and MARSH, JJ.

Controversy unanimously determined in accordance with the opinion, without costs.