OPINION OF THE COURT
Theodore A. Kelly, J.
Petitioner has commenced this article 78 proceeding for judgment: (1) prohibiting respondent John Gazzola from holding the office of Town Councilman of the Town of Stony Point and from exercising any of the duties or functions of that office; and (2) restraining all respondents from interfering with petitioner’s exercise of the powers, functions and duties of the office of Town Councilman of the Town of Stony Point; and (3) declaring that petitioner lawfully holds the office of town councilman; and (4) determining that respondent Gazzola is unlawfully holding the office of town councilman.
In a general election held in November of 1979 petitioner was elected a Councilman of the Town of Stony Point for a term of four years. During his term of office petitioner became a candidate for the office of County Legislator for the County of Rockland as a representative of the Town of Stony Point. At the general election held in November, 1981, petitioner was elected to the office of county legislator for a term commencing January 1, 1982 and ending December 31, 1985.
On January 1, 1982 respondents Lucien H. Conklin, Supervisor of the Town of Stony Point, and respondents Daniel Ferguson, Anna Stoll-Brophy and Myles Lavelle, members of the town board, held a special meeting of the *421 town board. At the meeting they declared that a vacancy existed with respect to the councilman position held by petitioner. They then appointed respondent Gazzola to fill the “vacancy” until the next general election in November of 1982. Petitioner was not given notice of the meeting.
Petitioner has challenged the appointment on the ground that he is legally entitled to simultaneously hold the offices of county legislator and town councilman. He contends that respondent Gazzola is illegally holding the position of town councilman since there was no existing vacancy to which he could have been validly appointed on January 1, 1982.
Petitioner’s challenge has been made within the context of an article 78 proceeding. While an attack on the legality of the action taken by the town board should be made by way of an action for a declaratory judgment, the court is authorized to transform the proceeding into its proper form (CPLR 103, subd [c]). Accordingly, the court will treat this proceeding as an action for a declaratory judgment. Since issue has been joined and there are no triable issues of fact, a summary disposition of the controversy is appropriate.
The County of Rockland was formerly governed by a board of supervisors with each of the county’s five towns having one member on the board. In 1968 an action was brought by certain Rockland taxpayers to compel the board of supervisors to reapportion. The initial proposal made by the board was rejected by the Rockland Supreme Court on May 12, 1969 (Abate v Mundt, 59 Misc 2d 809, Hawkins, J.). This plan had provided for reapportionment on the basis of weighted voting. Justice Hawkins then directed the board to present another plan for redistricting and/or reapportionment “with all deliberate speed”. His direction resulted in the adoption of Resolution No. 311,1969, which created the Rockland County Legislature and provided for representation based on town populations. This plan, with minor modifications, was approved by Justice Hawkins on July 31,1969. His judgment was affirmed in the Appellate Division, Second Department (33 AD2d 660), and in the Court of Appeals (25 NY2d 309). On certiorari the United States Supreme Court affirmed (403 US 182). When Resolution No. 311 was passed, section 10 (subd 1, par [i]) of the *422 Municipal Home Rule Law permitted every local government to adopt local laws not inconsistent with the provisions of the Constitution and not inconsistent with any general law relating to its property, affairs or government. Section 411 of the County Law also provided as follows: “No county judge, family court judge, surrogate, district attorney, sheriff, county clerk or any elective county officer shall be eligible to hold at the same time any other elective county or town office, or that of city supervisor.”
The New York State Legislature had also amended section 10 of the Municipal Home Rule Law prior to the passage of Resolution No. 311, 1969 (L 1969, ch 834, § 2; L 1969, ch 835 [eff May 22,1969]). As amended, section 10 of the Municipal Home Rule Law provided the following:
“1. In addition to powers granted in the constitution, the statute of local governments or in any other law,
“(ii) every local government, as provided in this chapter, shall have power to adopt and amend local laws not inconsistent with the provisions of the constitution or not inconsistent with any general law, relating to the following subjects * * *
“a. A county * * *
“(13) The apportionment of its legislative body and, only in connection with such action taken pursuant to this subparagraph, the composition and membership of such body, the terms of office of members thereof, the units of local government or other areas from which representatives are to be chosen and the voting powers of individual members of such legislative body. The power granted by this subparagraph shall be in addition to and not in substitution for any other power and the provisions of this subparagraph shall apply only to local governments which adopt a plan of apportionment thereunder * * *
“(b.) A plan of apportionment adopted by a county under this subdivision may provide that * * * supervisors of towns or members of the legislative bodies of * * * towns * * * who reside in the county shall be eligible to be elected as members of the county legislative body * * *
“(e.) A local law proposed to be adopted under this subparagraph shall be subject to referendum only in the *423 manner provided by paragraph j of subdivision two of section twenty-four of this chapter”.
Section 24 (subd 2, par j) of the Municipal Home Rule Law provides that a local law relating to apportionment is subject to a referendum on petition. Such a law is not to take effect until 45 days after its adoption nor until it is approved by a majority vote in the event that a petition for a referendum is filed within 45 days after its adoption (Municipal Home Rule Law, § 24, subd 1, par a).
The preamble to Resolution No. 311, 1969, referred to chapter 834 of the Laws of 1969 and recognized the fact that town officials were eligible to serve as members of the county legislature. Section 3, however, which set forth the qualifications of county legislators, provided as follows: “No County Legislator shall be eligible to hold at the same time any other elective Federal, State, County, Town, Village or School District office except for the duly elected supervisors of the town.”
At the time that it adopted Resolution No. 311, therefore, the board of supervisors elected to permit only town supervisors to serve as county legislators.
On April 19, 1971 the Rockland County Legislature adopted Local Law No. 4, 1971, of the County of Rockland which was entitled “A local law establishing qualifications for elected and appointed officials of the county of Rock-land.” Section 2 of Local Law No. 4, 1971, of the County of Rockland provided the following: “Notwithstanding the provision of any local law, resolution or other act of the former board of supervisors, or of the legislature of Rock-land county, an elected county official may, at the same time, hold any other elective town or village office, unless the holding of such other elective town or village office is prohibited by the general laws of the state of New York, and except that a town supervisor may hold only the elective county office of member of the legislature of Rock-land county.”
Local Law No. 4, 1971, of the County of Rockland took effect immediately.
Petitioner contends that Local Law No. 4, 1971, of the County of Rockland permits him to hold the dual offices of *424 town councilman and county legislator. He alleges that the only general law which would prohibit him from doing so would be section 411 of the County Law, and he argues that section 411 was effectively repealed by chapter 834 of the Laws of 1969 which permits an apportionment plan adopted by a county to allow town board members to also serve as county legislators.
Respondents, on the other hand, contend that the power to permit dual representation attaches only to plans of reapportionment which are enacted under the provisions of the Municipal Home Rule Law. They assert that since the County of Rockland’s reapportionment plan was adopted by a resolution pursuant to court decree and not under the authority contained in section 10 of the Municipal Home Rule Law, the county legislature lacked authority to provide for dual representation. They further contend that, in any event, such authorization would have been subject to a permissive referendum and that the county legislature effectively thwarted the right to a permissive referendum by having Local Law No. 4, 1971, of the County of Rock-land take effect immediately.
In Abate v Mundt (25 NY2d 309, supra), the Court of Appeals addressed the issue of whether the reapportionment plan adopted by the board of supervisors in Resolution No. 311, 1969, was subject to the amendments contained in chapter 834 of the Laws of 1969 relating to dual representation. The Court of Appeals found that the amendments superseded section 411 of the County Law, which had prohibited dual representation, and that town supervisors were now eligible to sit as members of the county legislature (Abate v Mundt, supra, p 317). The Court of Appeals made this determination in spite of the fact that Resolution No. 311 stated that the reapportionment had been made pursuant to judicial mandate rather than under the authority contained in the Municipal Home Rule Law. In view of this determination, respondents’ contention that section 10 of the Municipal Home Rule Law applies only to reapportionment plans specifically adopted pursuant to its authority must be rejected. Indeed, if this were the case there would have been no authority for permitting a town supervisor to also serve as a county *425 legislator since such dual representation would have been directly contradictory to section 411 of the County Law and permissible only under the amendments. Accordingly, the court finds that the Rockland County Legislature was authorized by section 10 of the Municipal Home Rule Law to adopt Local Law No. 4, 1971, of the County of Rockland providing that elected county officials could hold another elective town office at the same time. Local Law No. 4, 1971, of the County of Rockland authorizes petitioner to hold both the office of County Legislator of the Town of Stony Point and Town Councilman of the Town of Stony Point. Consequently, no vacancy in the office of Town Councilman of the Town of Stony Point occurred when petitioner was elected a member of the county legislature, and the town board’s appointment of respondent Gazzola to fill the purported vacancy was improper.
The court also rejects respondents’ contention that Local Law No. 4, 1971, of the County of Rockland was invalid because it took effect immediately and was not subject to a permissive referendum. The fact that the law took effect immediately did not prevent the filing of a petition for a permissive referendum were there a sufficient number of qualified electors disposed to do so. There is nothing in the record to indicate that any petition was filed. In addition, any attack on the validity of Local Law No. 4, 1971, of the County of Rockland is now barred by the Statute of Limitations (CPLR 213, subd 1). Finally, section 10 (subd 1, par [i]) of the Municipal Home Rule Law gave local governments the general power to adopt local laws which were not inconsistent with the Constitution or with any general law. The exercise of that general power was not subject to a referendum, and the New York State Legislature, in amending section 10 of the Municipal Home Rule Law, did not intend to impose referenda requirements where none had existed before (see statement of legislative intent, L 1969, ch 834, § 1).
Petitioner’s application, therefore, is granted. It is declared that respondent Gazzola’s appointment to the office of Town Councilman of the Town of Stony Point by respondents Conklin, Ferguson, Stoll-Brophy and Lavelle was illegal, that petitioner lawfully holds the office of town *426 councilman and that respondent Gazzola is unlawfully holding the office of town councilman. Respondents shall desist from interfering with petitioner’s exercise of the powers, duties and functions of the office.