■ In the Matter of JEAN ANGELL et al., Appellants, v TOMPKINS COUNTY BOARD OF REPRESENTATIVES et al., Respondents. — Appeals (1) from that part of an order of the Supreme Court at Special Term (Ellison, J.), entered November 10, 1981 in Tompkins County, which denied petitioners' request that Tompkins County Local Law No. 5 of 1981 be declared null and void, and (2) from an order of said court, entered December 31, 1981 in Tompkins County, which approved the interim weighted voting plan submitted to the court. The legislative districts of Tompkins County, New York, are drawn according to population and the representative of each of the 15 legislative districts has had, prior to this litigation, an equal vote on the respondent Tompkins County Board of Representatives. Prior to 1981, section 2.08 of the Tompkins County Charter provided in substance that following publication of the results of the Federal decennial census, the board of representatives shall prepare a plan for reapportionment which shall contain recommendations regarding the number and geographic boundaries of the various districts from which members of the board shall be nominated and elected at the next scheduled primary and general election of such board. This section also provides that the plan shall be approved at least 30 days prior to the first date for circulating designating petitions for nomination at the next succeeding primary election. The practice outlined in this section was followed from its enactment until the 1981 election, when the resulting population statistics for the 1980 census were not received by the county until late April, 1981, with tabulations and maps not received until May, 1981. Consequently, it became virtually impossible to adhere to the time periods set forth in the section for the 1981 elections. Confronted with this problem, the board amended section 2.08 by the enactment of Local Law No. 5 of 1981. This law simply delayed reapportionment from the 1981 election until 1985. Petitioners then commenced the instant proceeding seeking a ruling that Local Law No. 5 of 1981 is unconstitutional because it is violative of the one-person-one-vote principles of the equal protection clause of the United States Constitution and section 11 of article I of the New York State Constitution. The board shortly thereafter passed Resolution No. 222 which required that the board, within 90 days, adopt a local law of reapportionment with 15 single member districts, each with a weighted vote honoring municipal boundaries. Special Term concluded that Local Law No. 5, standing alone, was constitutionally repugnant because it violated the one-person-one-vote rule and permitted this violation to continue for an unreasonable length of time. The court further held that any problem with the law could be cured by Resolution No. 222 and allowed the board to submit its own remedial plan to govern the 1981 elections. The board subsequently adopted a weighted voting plan pursuant to Resolution No. 346 which was approved by Special Term. Petitioners have appealed from both orders. There is ample authority for the proposition that a system of weighted voting is permissible as an interim system of reapportionment (*Franklin v Krause,* 32 NY2d 234; *Graham v Board of Supervisors of Erie County,* 18 NY2d 672). Concededly, Local Law No. 5, standing alone, is violative of the one-person-one-vote rule. The question for our determination, therefore, narrows to whether, under the circumstances of this case, the court properly authorized the board to submit a plan based on weighted voting and approved that plan. Initially, petitioners argue that Local Law No. 5 is invalid because of the population differences between the various districts. Concededly this is so, but petitioners completely overlook the effects of Resolution No. 222 and the effect of the interim weighted voting plan adopted by respondents which cures the claimed defects of Local Law No. 5. Petitioners also argue that Local Law No. 5 violates section 10 (subd 1, par a, subpar [13], cl [a], subcl [ii]) of the Municipal

Home Rule Law in that it permits the board to retain a system wherein two adjacent districts contain a greater excess in population than 5% of a full ratio for each representative. In conjunction therewith petitioners further urge that Resolutions Nos. 222 and 346 violate this portion of the Municipal Home Rule Law since they allow the present system of districts to remain in effect and thereby permit a continued violation of this provision. We find these arguments unpersuasive. Tompkins County operates under a charter form of government and its reapportionment plans are adopted pursuant to its charter, not under the Municipal Home Rule Law. Since the board did not adopt a plan of apportionment pursuant to the Municipal Home Rule Law, its provisions are not controlling here. Finally, we reject petitioners' contention that the voting system adopted by the board is inconsistent with the county charter. Specifically, petitioners contend that Resolutions Nos. 222 and 346 provide for a weighted voting plan whereas the county charter requires reapportionment by redrawing legislative districts. It is most significant that we are here concerned with an interim plan. Section 2.08 of the county charter, as amended by Local Law No. 5, specifically refers to reapportionment in time for the 1985 elections, not the 1981 elections. We see nothing in the charter which could be construed to prohibit an interim plan of reapportionment by use of a weighted voting system. We have considered all other arguments advanced by petitioners and find them unpersuasive. There should be an affirmance. Orders affirmed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.