BAY RIDGE COMMUNITY COUNCIL, INC., et al., Appellants, v HUGH CAREY, as Governor of the State of New York, et al., Respondents. (Action No. 1.)

In the Matter of BERNARD J. LE BLANC, Appellant. (Action No. 2.)

In the Matter of ROBERT P. WHELAN, Appellant. (Action No. 3.)

CLARENCE P. RAPPLEYEA, Intervenor.

Second Department, September 17, 1984

APPEARANCES OF COUNSEL

*Andrew L. Sichenze* and *Vincent Rosato* (*John J. Halloran, Jr.,* on the brief), for appellants in Action No. 1.

*Gibbons & Burke, P.C.,* for appellant in Action No. 2 (relying on the brief of the intervenor).

*McHugh, Leonard & O'Conor (Robert P. Whelan, pro se* of counsel), for appellant in Action No. 3.

*Robert Abrams, Attorney-General (George D. Zuckerman* of counsel), respondent *pro se* and for Hugh L. Carey and others, respondents.

*Graubard Moskovitz McGoldrick Dannett & Horowitz (C. Daniel Chill* and *Kenneth Shapiro* of counsel), for Stanley Fink and another, respondents.

*Scolaro, Shulman, Cohen & Lawler, P.C. (Richard S. Scolaro* of counsel), for intervenor.

### OPINION OF THE COURT

*Per Curiam.*

The essential facts of this case are succinctly recited in the memorandum of Justice Adler at Special Term (*Bay Ridge Community Council v Carey,* 115 Misc 2d 433), and in *Flateau v Anderson* (537 F Supp 257, app dsmd 458 US 1123). The matter before us is a challenge to the constitutionality of chapter 455 of the Laws of 1982, which reapportioned the Senate and Assembly districts of the State of New York. That section superseded chapter 111 of the Laws of 1982, the challenged section originally before Special Term.

We fully agree with Justice Adler that chapter 455 of the Laws of 1982, as amended, apportioning and distributing the Senate and Assembly districts of the State of New York, complies with those provisions of article III of the New York State Constitution which remain in force and effect (see *WMCA, Inc. v Lomenzo,* 377 US 633; *Matter of Orans,* 15 NY2d 339), and is otherwise valid as a matter of law. Therefore, we affirm the resettled judgment and order insofar as appealed from.

On this appeal, the following issues are raised: (1) whether the law apportioning and distributing the Senate and Assembly districts of the State of New York is in violation of section 5 of article III of the New York State Constitution because the Assembly districts are not "in as compact form as practicable", are not composed of "contiguous territory", and are not "convenient"; (2) whether the

law is in violation of the Fourteenth Amendment of the United States Constitution because it invidiously discriminates against a political group and because it impermissibly impairs the voting power of the voters of the community of Bay Ridge and amounts to a partisan political gerrymander; and (3) whether section 5 of article III of the New York State Constitution has otherwise been violated because Hamilton and Fulton Counties are not in the same Assembly district, numerous minor counties (counties which have insufficient population to maintain a full Assembly district) are divided, and because the Legislature, instead of the New York City Council, reapportioned the Assembly districts in Kings County. We address each of these issues *seriatim.*

Section 5 of article III of the New York State Constitution directs that the counties of the State shall be divided "into assembly districts as nearly equal in number of inhabitants * * * of convenient and contiguous territory in as compact form as practicable". Initially, we note that appellants have submitted affidavits making numerous unsupported allegations of constitutional violations, together with maps of the challenged districts. These submissions are insufficient for a court to render a finding that the challenged districts are unconstitutional (see *Matter of Richardson* [*Stark*], 307 NY 269, 273).

In any event, the law complies with the constitutional requirements of compactness, contiguity, and convenience. Legislative districts need only be as compact as practicable. They need not be drawn in the form of geometric figures or perfect circles (see *Matter of Richardson* [*Stark*], *supra; Matter of Dowling,* 219 NY 44). The Legislature may, at a minimum, take account of existing political subdivision lines, topography, means of transportation and lines of communication without violating the compactness standards (see *Matter of Sherrill v O'Brien,* 188 NY 185, 207). Where cities in which the population is heavily concentrated are concerned, the requirement of substantial population equality (*Reynolds v Sims,* 377 US 533; *WMCA, Inc. v Lomenzo, supra*) will necessitate districts whose boundaries at best are ragged (see *Matter of Schneider v Rockefeller,* 31 NY2d 420, 429-430).

In the case at bar, the challenged districts, both in Kings County and in upstate New York, are subject to the equality of population requirement of *Reynolds v Sims (supra)*. Moreover, it is obvious that the Legislature intended to avoid a total population deviation in excess of 10% between the Assembly district with the largest population and the district with the smallest population, since such a deviation constitutes a prima facie case of discrimination (see *Brown v Thomson,* 462 US __, __, 103 S Ct 2690, 2696). In addition, Kings County, by virtue of the 1980 census, lost two and one-half Assembly districts, and the Legislature was required to maintain the voting power of minority groups pursuant to the Voting Rights Act of 1965 (US Code, tit 42, § 1973c; see *Flateau v Anderson, supra*). Hence, the challenged law is in compliance with the "compactness" and "convenience" requirements of section 5 of article III. Since all of the territory in all of the challenged districts is connected, the districts meet the requirements of "contiguity" (see *Matter of Schneider v Rockefeller, supra,* p 430).

The law is also in compliance with the equal protection clause of the Fourteenth Amendment of the United States Constitution. Contrary to appellants' contention, there is no evidence that the law invidiously discriminates against any political group (see *Gaffney v Cummings,* 412 US 735; cf. *White v Regester,* 412 US 755; *Gomillion v Lightfoot,* 364 US 339). In fact, State legislative redistricting operates under a more relaxed standard than Congressional redistricting (see *Brown v Thomson, supra; Gaffney v Cummings, supra; Mahan v Howell,* 410 US 315; cf. *Karcher v Daggett,* 462 US __, 103 S Ct 2653; *Kirkpatrick v Preisler,* 394 US 526). The Federal courts have recognized that political considerations cannot be divorced from the State legislative redistricting process (see *Gaffney v Cummings, supra* [although redistricting of Connecticut Legislature was obviously politically motivated, it was not unconstitutional]; see, also, *White v Regester, supra; Whitcomb v Chavis,* 403 US 124; *Burns v Richardson,* 384 US 73). Voter behavior is unpredictable, and no political group has a guaranteed constitutional right to proportional representation in a legislative body (see *City of Mobile v Bolden,* 446 US 55, 78-80).

The claim that the voting power of the voters of the community of Bay Ridge has been impermissibly impaired cannot be sustained. Similar claims have been dismissed by the Federal courts (see *United Jewish Organizations v Wilson,* 510 F2d 512, affd on other grounds *sub nom. United Jewish Organizations v Carey,* 430 US 144; see, also, *Mirrione v Anderson,* 717 F2d 743, in which plaintiff's complaint, which asserted that the same 1982 Assembly redistricting plan attacked here impermissibly impaired the collective voting power of the voters of Rosedale, Queens, was dismissed for failure to state a claim for which relief could be granted).

Regarding the claim that the law amounts to a partisan political gerrymander, such a claim is nonjusticiable (see, e.g., *WMCA, Inc. v Lomenzo,* 382 US 4, 5-6 [Harlan, J., concurring]; *Cousins v City Council,* 466 F2d 830, 844-845, cert den 409 US 893; *Wells v Rockefeller,* 311 F Supp 48, 52, affd 398 US 901; *Koziol v Burkhardt,* 51 NJ 412, 415-416). Appellants' claim that the issue is justiciable by virtue of the decision of the United States Supreme Court in *Karcher v Daggett (supra),* is incorrect. First, *Karcher* applies only to Congressional redistricting, not State legislative redistricting (*Karcher v Daggett,* 462 US __, __, 103 S Ct 2653, 2659, *supra*). Furthermore, the Supreme Court in *Karcher* invalidated the Congressional redistricting plan passed by the New Jersey Legislature because the percentage deviation in population between the largest district and the smallest district was greater than the deviation present in alternative plans that were submitted to the Legislature, not because the plan amounted to a partisan political gerrymander (but see *Karcher v Daggett,* 462 US, p __, 103 S Ct 2653, 2667, *supra* [Stevens, J., concurring]).

Thus, a court is powerless to review a challenge to a reapportionment plan on the ground that it amounts to a partisan political gerrymander. In any event, even if the claim were held to be justiciable, appellants have not submitted sufficient evidence of either a partisan intent, which was present in *Karcher (supra,* p __, p 2677 [concurring opn, Stevens, J.]; see, also, *Daggett v Kimmelman,* 535 F Supp 978, 982, 989-993), or that the Legislature had alternative plans before it that would provide for *both* more

compact districts *and* greater population equality, as did the challengers to the redistricting plan in *Karcher* (*supra*).

Appellants' contention that Hamilton and Fulton Counties are required by section 5 of article III of the State Constitution to be in the same Assembly district is incorrect. While that provision still remains in section 5 of article III, it is part of the provision that stated that each county, regardless of population, was entitled to at least one Assembly district, which was invalidated by the Supreme Court in *WMCA, Inc. v Lomenzo* (377 US 633, *supra*). In *Matter of Orans* (15 NY2d 339, 351, *supra*), the Court of Appeals held that so much of section 5 of article III of the State Constitution as required that each county have at least one Assembly district was no longer of any force and effect. Since the provision concerning Hamilton County, which the Legislature, in the Constitution of 1894, deemed to be so sparsely populated that it should be joined with Fulton County in a single Assembly district, is part of a provision that has been invalidated by the United States Supreme Court, the fact that the redistricting plan places Hamilton and Fulton Counties in different Assembly districts does not render the law violative of the State Constitution.

For similar reasons, the claim that the New York City Council, not the Legislature, should have redrawn the districts in Kings County, is without merit. The Court of Appeals, in *Matter of Orans* (*supra,* pp 351-352), held that the provision affording local legislatures in counties and cities entitled to more than one Assembly district the power to draw Assembly district lines was invalid by virtue of the Supreme Court decision in *WMCA, Inc. v Lomenzo* (377 US 633, *supra*).

Finally, a claim identical to appellants' claim that numerous minor counties are divided contrary to constitutional mandate was rejected by the Court of Appeals in *Matter of Schneider v Rockefeller* (31 NY2d 420, 427, *supra*), in light of the Federal constitutional requirement of equality of population. We reject the similar claim made in the case at bar, not only in light of equality of population standards, but also owing to the requirements of the equal

protection clause of the United States Constitution. These requirements must prevail over any inconsistent provision of the State Constitution by virtue of the supremacy clause of article VI of the United States Constitution (see *Flateau v Anderson,* 537 F Supp, p 265; *Goines v Rockefeller,* 338 F Supp 1189, 1195).

TITONE, J. P., O'CONNOR, BOYERS and EIBER, JJ., concur.

Resettled order and judgment (one paper) of the Supreme Court, Kings County, dated December 15, 1982, affirmed insofar as appealed from, without costs or disbursements.