■ DENNIS MEHIEL et al., Respondents, v COUNTY BOARD OF

LEGISLATORS OF THE COUNTY OF WESTCHESTER et al., Appellants.—In an action, *inter alia,* for a judgment declaring that Local Laws, 1991, No. 8 of the County of Westchester is invalid insofar as it was to take effect immediately upon enactment, the defendants appeal from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered June 20, 1991, which, *inter alia,* declared that Local Laws, 1991, No. 8 of the County of Westchester is invalid insofar as it was to take effect immediately upon enactment.

Ordered that the judgment is reversed, on the law, with costs, and it is declared that Local Laws, 1991, No. 8 of the County of Westchester is valid insofar as it was to take effect immediately upon enactment.

Local Laws, 1991, No. 8 of the County of Westchester generally provides for the reapportionment of the legislative districts of the Westchester County Legislature. The Supreme Court, substantially relying on Municipal Home Rule Law § 10, held that the redistricting plan could not take effect until approved by the electorate in a mandatory public referendum.

We find that the Supreme Court's reliance on Municipal Home Rule Law § 10 (1) (a) (13) (a) is misplaced. Westchester County operates under a charter form of government and its reapportionment plans are adopted pursuant to its charter, not Municipal Home Rule Law § 10 (1) (a) (13) (a). Since the County Board of Legislators of the County of Westchester did not adopt a plan of apportionment pursuant to Municipal Home Rule Law § 10 (1) (a) (13) (a), it is not controlling here *(see, Matter of Angell v Tompkins County Bd. of Representatives,* 90 AD2d 896, 897; 1981 Opns Atty Gen No. 81-105, at 255). Rather, the provisions that are controlling herein are set forth in Municipal Home Rule Law § 34 (4) and Westchester County Administrative Code § 209.161 (L 1948, ch 852, as amended).

The Municipal Home Rule Law provides, in pertinent part, as follows:

"1. The legislature hereby imposes the following limitations on the powers of counties to prepare, adopt and amend county charters * * *

"4. After the adoption of a county charter by a county * * * no charter law or local law, which in its application to such county * * * changes the form or composition of the board of supervisors of such county, shall become effective * * * until at least sixty days after its final enactment. If * * * within such sixty days electors of the county, duly registered to vote

therein * * * shall file a petition * * * protesting against such law, charter law or local law, it shall become effective in such county only if approved by the electors thereof at the next ensuing general election" (Municipal Home Rule Law § 34 [1], [4]).

Westchester County Administrative Code § 209.161 (L 1948, ch 852, as amended) provides, in pertinent part, as follows: "No local law shall become operative or effective unless and until the same is adopted by the affirmative vote of a majority of qualified electors of the county voting on a proposition for its approval at the next general election held not less than ninety (90) days after the adoption thereof, if it * * * changes the form or composition of the elective governing body of the county".

The redistricting plan under consideration merely changes the boundary lines of the legislative districts in Westchester County and does not constitute a change in the "form or composition" of the Westchester County Legislature (see, Neils v City of Yonkers, 38 Misc 2d 691, 696; see also, Baldwin v City of Buffalo, 6 NY2d 168, 175). Accordingly, Municipal Home Rule Law § 34 (4) and Westchester County Administrative Code § 209.161 (L 1948, ch 852, as amended) do not require a referendum under the circumstances herein. Mangano, P. J., Kunzeman, Sullivan, Lawrence and O'Brien, JJ., concur.