◼ LEAGUE OF WOMEN VOTERS OF WESTCHESTER et al., Appellants, v COUNTY OF WESTCHESTER et al., Respondents. [630 NYS2d 768] —In an action for a judgment declaring, *inter alia,* Local Laws, 1993, No. 12 of the County of Westchester unconstitutional, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Ingrassia, J.), entered August 9, 1994, which denied their motion for summary judgment and granted the defendants' cross motion for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate judgment declaring that Local Laws, 1993, No. 12 of the County of Westchester is constitutional and does not violate Municipal Home Rule Law § 10 (1) (a) (13) (a).

Local Laws, 1993, No. 12 of the County of Westchester, which amended subsection (2) of section 107.31 of the Laws of Westchester County, generally provides for the reapportionment of the legislative districts of the Westchester County Legislature. The Supreme Court held that the redistricting plan does not

violate Municipal Home Rule Law § 10 (1) (a) (13) (a) "because that section is inapplicable to the redistricting plans of Westchester County as a matter of law". We agree. Westchester County operates under a charter form of government and its reapportionment plans are adopted pursuant to its charter, not Municipal Home Rule Law § 10 (1) (a) (13) (a). Since the County Board of Legislators of the County of Westchester did not adopt a plan of reapportionment pursuant to Municipal Home Rule Law § 10 (1) (a) (13) (a), it is not controlling here (see, Mehiel v County Bd. of Legislators, 175 AD2d 109, 110; see also, Suffolk County Democratic Comm. v Gaffney, 196 AD2d 799, 800; Matter of Angell v Tompkins County Bd. of Representatives, 90 AD2d 896, 897; 1981 Opns Atty Gen 81-105, at 255).

We have considered the plaintiffs' remaining contentions and find them to be without merit (see, Matter of Brooklyn Hgts. Assn. v Macchiarola, 82 NY2d 101, 106; Matter of Schneider v Rockefeller, 31 NY2d 420; Bay Ridge Community Council v Carey, 103 AD2d 280, affd 66 NY2d 657). Sullivan, J. P., O'Brien, Thompson and Santucci, JJ., concur.