OPINION OF THE COURT
Michael C. Lynch, J.
By companion orders to show cause (Hummel, J.) signed January 4, 2010, plaintiffs seek a declaratory judgment precluding the defendant candidates from holding the dual offices of Rensselaer County Legislator and Town Councilman. The three defendant candidates, Cristo, Danaher and Desso were each elected to the office of Rensselaer County Legislator at the November 2009 general election. Each candidate also serves as an elected town councilman for a term ending December 31, 2011. Plaintiffs’ thesis is that County Law § 411 precludes each defendant candidate from holding both offices. Counsel have stipulated that the actions should be consolidated and since there are no triable issues of fact, a summary disposition of the dispute is in order.
To begin, the court deems the action timely. The challenge has been prompted by the election of the defendant candidates to the office of Rensselaer County Legislator for a term commencing January 1, 2010, with each candidate continuing to serve as a town councilman. The submissions indicate that defendant Desso has already taken the oath of office as a county legislator, while defendants Cristo and Danaher have held off taking the oath pending the outcome of these actions. A failure to take and file an oath of office within 30 days of commencement of the term creates a vacancy in that office (Public Officers Law § 30 [1] [h]). While calling into question the viability of Local Law No. 1 (1969) of the County of Rensselaer, the challenge seeks to enforce the dual office holding restrictions of County Law § 411 and is thus timely. The court is mindful that defendants have identified six other elected officials who previously have held these dual offices. That history, however, does not dictate the outcome of this action. Nor is the court convinced that plaintiffs’ challenge in the Town of East Greenbush action should be barred due to plaintiff Kim Halloran’s history of ac *336 ceding to two democratic candidates from the town holding dual offices (see Cristo et al. answer, “Fourth Defense”; attached as exhibit B to Cristo et al. notice of motion). Even were the court to accept the argument with respect to plaintiff Halloran, there is no basis presented to preclude the remaining plaintiffs.
County Law § 411 provides in pertinent part as follows: “No . . . elective county officer shall be eligible to hold at the same time any other elective . . . town office.” There is no dispute here that a county legislator is an “elective county officer” and that a town councilman holds an elective town office (see Matter of Knauf v County Legislature of County of Monroe, 53 Misc 2d 917 [1967], 27 AD2d 440 [1967]).
In Matter of Brayman v Stevens (20 NY2d 868 [1967]), the Court of Appeals determined that a county officer was prohibited from also serving as a town supervisor under the restrictions imposed by County Law § 411. This ruling was made notwithstanding the fact that a Dutchess County local law, enacted as part of the county’s “reorganization necessitated by reapportionment” (Matter of Brayman v Stevens, 54 Misc 2d 974, 975 [1967]) created a “County Board of Representatives” and authorized such dual office holding. The court effectively determined that since County Law § 411 was a “general law” it could not be superceded by local law (id. at 978; see Shilbury v Board of Supervisors of County of Sullivan, 54 Misc 2d 979, 980-981 [1967]).
Two years later, however, in Abate v Mundt (25 NY2d 309 [1969]) the Court of Appeals approved a “two hat” provision premised on the enactment of Municipal Home Rule Law § 10 (1) (a) (13) (b) (see L 1969, ch 834, eff May 22, 1969; id. at 317-318). That provision specifies that “[a] plan of apportionment adopted by a county under this subparagraph may provide that . . . members of the legislative bodies of . . . towns . . . shall be eligible to be elected as members of the county legislative body.”
In effect, Municipal Home Rule Law § 10 partially superceded County Law § 411 (see Ingenito v Jobson, 153 AD2d 710 [1989], lv denied 74 NY2d 609 [1989]).
A month after the amendment of Municipal Home Rule Law § 10, the Rensselaer County Board of Supervisors enacted Local Law No. 1 (1969) providing as follows: “For the purposes of elections hereinafter to be held for the office of County Legislator . . . Members of the Legislative Bodies of . . . Towns . . . shall be eligible to be elected as members of the County Legislative Body” (see exhibit A annexed to order to show cause).
*337 Plaintiffs maintain that this provision is not a “plan of apportionment” within the embrace of Municipal Home Rule Law § 10. By its terms, Local Law No. 1 does not speak to the apportionment of districts within the county.
Citing to Matter of Ingenito v Conklin (113 Misc 2d 420 [1982]), defendants maintain that Rensselaer County was authorized to adopt a “two hat” provision by local law as Rock-land County did in the Ingénito case. In 1969, Rockland County adopted a plan of apportionment by resolution approved by court decree, that established a County Legislature (Abate v Mundt, supra; Matter of Ingenito v Conklin, supra). That plan, upheld by the Court of Appeals in the Abate case, included a “two hat” provision authorizing town supervisors to also serve as elected county legislators (see Matter of Ingenito v Conklin at 423). By Local Law No. 4 (1971) of the County of Rockland, the Rockland County Legislature expanded the “two hat” provision to include “any other elective town office” (id.). In finding Local Law No. 4 valid, the court rejected the argument that a “two hat” provision could only be authorized pursuant to a plan of apportionment under Municipal Home Rule Law § 10.
The point made is that as a charter county, Rockland County was authorized to enact a “two hat” provision by local law. Where a county operates under a charter form of government, its apportionment plans are adopted pursuant to its charter authority, not Municipal Home Rule Law § 10 (1) (a) (13) (see League of Women Voters of Westchester v County of Westchester, 218 AD2d 730 [1995]). A charter county is expressly authorized to define the structure of the county government and the method of nomination and election of county officers, provided that structure includes an elective board of supervisors (Municipal Home Rule Law § 33 [2]). There are defined limitations on a charter county’s ability to supercede general laws, but those limitations do not include County Law § 411 (Municipal Home Rule Law § 34 [3] [a]-[g]). It follows that a charter county may adopt a local law authorizing dual office holding by county legislators {cf. Matter ofBrayman v Stevens, supra, 20 NY2d 868 [1967] [involving a reorganization of the county legislative body]).
The situation here, however, is distinguishable from that in the Rockland County scenario. It bears emphasis that Local Law No. 1 was adopted by a board of supervisors statutorily comprised of the supervisors of the several cities and towns within the County (County Law § 150). The discrepancy is that *338 Rensselaer County had not yet established an alternative, charter form of government and thus its authority to supercede County Law § 411 was limited to a plan of apportionment under Municipal Home Rule Law § 10. As noted above, Local Law No. 1 does not expressly address apportionment. The submissions document that Rensselaer County did not establish the alternative structure of a County Legislature until the Rensselaer County Charter was approved by the voters of Rensselaer County at the general election held on November 7, 1972, to become effective on January 1, 1974 (see exhibit B annexed to the order to show cause). Correspondingly, by Local Law No. 4 (Introductory) (1973) of the County of Rensselaer, the County adopted a redistricting plan establishing legislative districts for not more than 21 legislators (id.). Subsequent redistricting plans were adopted by Local Law No. 7 (1981) of the County of Rensselaer and Local Law No. 3 (2001) of the County of Rensselaer (id.). By its terms, the Rensselaer County Charter defines the “qualifications” for a legislator as follows: “Each member shall, at the time of his nomination and election and throughout his term of his office, be and remain a qualified elector of the district from which he is elected” (see exhibit D annexed to Desso motions, Rensselaer County Charter § 2.03 [rev July 12, 2007]). There is no express language in the charter or the local laws adopting redistricting plans providing for dual office holding by a county legislator. The Charter continues existing laws, except to the extent of any inconsistency with the Charter (id. at § 1.04).
Given this structure, the court finds that Local Law No. 1 does not qualify as a plan of apportionment under Municipal Home Rule Law § 10 and that with the absence of express “two hat” language in the Rensselaer County Charter or decennial redistricting laws the defendant candidates are precluded under County Law § 411 from holding the dual offices of county legislator and town councilman. As such, the defendant candidates are eligible to serve as county legislators, but are not eligible to simultaneously hold the office of town councilman (see Matter of Knauf v County Legislature of County of Monroe at 441-442). In an instance where a party has been elected to dual offices, upon accepting and qualifying for the second office, the first office is deemed vacant (Matter of Dykeman v Symonds, 54 AD2d 159, 163-164 [1976]; Matter of Knaufv County Legislature of County of Monroe, 27 AD2d at 441-442; Matter of Smith v Dillon, 267 App Div 39, 43 [1943]). Applied here, defendant Desso has filed *339 his oath of office for the position of county legislator, and thus his town councilman seat is deemed vacant. Since defendants Cristo and Danaher have yet to file an oath of office for their respective county legislative seats, whether these seats or the town councilman seats will become vacant necessarily depends on whether either candidate accepts and qualifies for the office of county legislator on or before January 30, 2010.