■ In the Matter of MICHAEL ROCK et al., Individually and as Rensselaer County Legislators, et al., Respondents, v WILLIAM J. MURPHY, as Rensselaer County Executive, at al., Appellants. — Main, J. P. Appeal from a judgment of the Supreme Court at

Special Term (Connor, J.), entered May 2, 1985 in Rensselaer County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to declare Local Laws 1984, No. 4 of Rensselaer County invalid.

Following the release of the population figures obtained during the 1980 Federal census, the Rensselaer County Legislature determined that a reapportionment of the county legislative districts was necessary to conform to constitutionally acceptable standards. Accordingly, on December 22, 1981, the Legislature adopted Local Laws, 1981, No. 7,* which provided for a 19-member Legislature with five multimember legislative districts. This legislation was to take effect immediately and was, thus, applicable to the 1985 general election, the first election after the 1980 census figures became available.

In October 1984, the Legislature passed legislation to amend Local Laws, 1981, No. 7 by creating a sixth legislative district consisting solely of the City of Rensselaer and by transferring one legislative seat from district No. 2 to the new district No. 6. This legislation was vetoed by respondent William J. Murphy, the Rensselaer County Executive, on the ground that a proper public hearing had not been held as required by law. The Legislature then adopted Local Laws, 1984, No. 4, which was designed to accomplish the same restructuring of the Legislature as was provided for in the legislation previously vetoed.

Following the adoption of Local Laws, 1984, No. 4, petitioners commenced this CPLR article 78 proceeding to annul that legislation. Petitioners claim, *inter alia,* that Local Laws, 1984, No. 4 represents a second restructuring of the Rensselaer County Legislature within a decade in violation of Municipal Home Rule Law § 10 (1) (ii) (a) (13) (f). Special Term granted the application and declared Local Laws, 1984, No. 4 invalid. Respondents appeal.

Municipal Home Rule Law § 10 (1) (ii) (a) (13) (f) provides, in pertinent part: "Notwithstanding any inconsistent provisions of any general or special law * * * heretofore or hereafter adopted, no local government may restructure its local legislative body * * * more than once in each decade commencing with the year nineteen hundred seventy". This statute is clear and unambiguous and should be interpreted according to the ordinary meaning of the language employed (McKinney's Cons Laws of NY, Book 1, Statutes § 76). By its clear language, the statute permits only one restructuring in each 10 years. The Legislature, by Local Laws, 1981, No. 7, restructured the Rensselaer County

---

* This law was renumbered as Local Laws, 1982, No. 2 of Rensselaer County, but we will refer to it as originally enacted.

Legislature and, under the plain language of the statute, any further legislation designed to restructure the Legislature within the decade cannot stand. Accordingly, Local Laws, 1984, No. 4 is contrary to the clear and unambiguous mandate of Municipal Home Rule § 10 (1) (ii) (a) (13) (f) and is invalid.

Beyond the clear language of the statute, Municipal Home Rule Law § 10 (1) (ii) (a) (13) (f) was enacted as part of a legislative scheme designed to provide equality in voting and to ensure effective local redistricting (*see,* memorandum and supplemental memorandum, 1969 NY Legis Ann, at 242-246). In this case none of the parties contends that Local Laws, 1981, No. 7 violates the "one-man, one-vote" standard, and our review of the record convinces us that this law satisfies the constitutional mandate. Having adopted a constitutionally acceptable restructuring, the Legislature should not be permitted to adopt a second restructuring and, accordingly, Local Laws, 1984, No. 4 must be held invalid. This determination renders it unnecessary to address the other issues raised by the parties.

Judgment affirmed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.