(January 25, 1988)

■ BEVERLY HILLS CEMETERY CORPORATION, Appellant, v TOWN OF PUTNAM VALLEY et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Zoning Board of Appeals of the Town of Putnam Valley, dated February 11, 1986, denying the petitioner's application for a use variance, the appeal is from a judgment of the Supreme Court, Putnam County (Dickinson, J.), dated September 12, 1986, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

The petitioner Beverly Hills Cemetery Corporation owns 95.847 acres of land located within the Town of Putnam Valley, which land is dedicated solely for cemetery purposes. The petitioner has operated the land as a cemetery since its incorporation in 1930. The respondent town enacted certain zoning regulations in 1940, which provided, *inter alia,* that a cemetery was not a permitted use in any district of the town. However, Zoning Code § 66.34 also provided that a cemetery is a nonconforming use and that such a use in existence at the time of the passage of the ordinance may be continued subject to certain stated conditions.

In 1977 and 1983, the petitioner exchanged parcels of land totaling 6.821 acres with an adjoining landowner. The petitioner conveyed land that was inaccessible from the interior of the cemetery due to its terrain and was, therefore, not usable for cemetery purposes in return for land that could be so used. The conveyance was effectuated, under the Cemetery Law *(see,* Not-For-Profit Corporation Law art 15), by three separate judgments of the Supreme Court, Putnam County, which directed, *inter alia,* that the property received by the petitioner was to be dedicated to cemetery purposes from the time of its receipt. The petitioner, thereafter, made application to the Putnam County Legislature pursuant to Not-For-Profit Corporation Law § 1506 (c) for consent.

By letter dated August 12, 1985, the petitioner applied to the Zoning Board for an "area variance" to expand its noncon-

forming use of the property for the construction of mausoleum buildings on the lot. After considering the matter and holding public hearings, the Zoning Board denied the application by decision and order dated February 11, 1986, finding, *inter alia,* that the petitioner's hardship was self-created due to its having knowingly acquired land for a use prohibited by the zoning regulations. The petitioner then commenced the instant proceeding for a judgment pursuant to CPLR article 78, *inter alia,* to review the respondent Zoning Board's determination which denied the application for a use variance.

The petitioner contends that the zoning ordinance is unconstitutional as applied as it prevents the subject parcel of land from being used for cemetery purposes where the State has otherwise directed that the property may be used only for such purposes. However, the State law regarding cemetery regulation may not be said to preempt the local zoning law as neither Not-For-Profit Corporation Law article 15 nor the rules and regulations promulgated thereunder contains any language evincing such an intention. The subject law neither expressly nor impliedly prohibits the municipality from enacting a zoning ordinance relating to the construction of mausoleums. The petitioner has misconstrued the declaration of policy articulated in Not-For-Profit Corporation Law § 1501, which is designed not to protect cemetery owners but rather to prevent abuses by cemetery owners against the public.

Zoning ordinances are invested with "an exceedingly strong presumption of constitutionality" and place upon the petitioner the "very heavy burden of demonstrating beyond a reasonable doubt that the ordinance was violative of equal protection standards" *(Town of Huntington v Park Shore Country Day Camp,* 47 NY2d 61, 65, *rearg denied* 47 NY2d 1012).* Contrary to the petitioner's assertions, the subject ordinance does not prohibit the operation of a cemetery. Rather, it clearly provides that such a nonconforming use, existing at the time of the passage of the ordinance, may be continued.

We find that the respondents' denial of the requested variance was supported by substantial evidence and was neither illegal, arbitrary nor an abuse of the Board's discretion *(see, Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309; *Matter of Martirano v Zoning Bd. of Appeals,* 87 AD2d 820, *affd* 57 NY2d 867).* We note that the Zoning Board had indicated that only this particular application for a specific mausoleum complex has been denied based on its effect upon the character of the locality. The granting of subsequent

applications with respect to proposed projects, which would not have so great an impact on the area, is not precluded. Mollen, P. J., Kunzeman, Eiber and Spatt, JJ., concur.