OPINION OF THE COURT
F. Warren Travers, J.
Plaintiff commenced a declaratory judgment action seeking to declare void a certain act of the Rensselaer County Legisla *980 turc. The defendants have moved for summary judgment dismissing the complaint. The plaintiff opposes the defendants’ motion and cross-moves for summary judgment upon the complaint.
The facts in this case are undisputed. The dispute centers around the application of various laws to the facts.
John Buono was elected to the office of Rensselaer County Executive for a four-year term commencing January 1, 1990. On January 9, 1990, the Rensselaer County Legislature adopted a resolution increasing the salary of the County Executive from $74,000 to $78,000. Prior to the commencement of defendant Buono’s term of office on January 1, 1990, his salary has been increased by $12,000.
Plaintiff contends that the proper procedure for increasing the salary of an elected county official was not followed and seeks an order directing John Buono to refund, to the county, the funds paid to him in excess of $74,000 in 1990. Plaintiff further seeks an order directing the chief fiscal officer of the county to stop payment of any salary in excess of $74,000 per year to the Rensselaer County Executive.
Plaintiff contends that section 201 of the County Law together with section 24 (2) (h) of the Municipal Home Rule Law prohibit any increase in the salary of the Rensselaer County Executive except by means of a local law subject to a permissive referendum.
The defendants contend that Rensselaer County has adopted an alternative form of government as authorized by the NY Constitution and the Municipal Home Rule Law. Defendants further contend that the alternative form of government is the adopted Rensselaer County Charter.
Defendants assert that the provisions of the Rensselaer County Charter take precedence over the County Law pursuant to section 2 (b) of the County Law. Defendants contend that the requirement for a local law subject to a permissive referendum contained in section 201 of the County Law has been superseded by the Rensselaer County Charter. The Rensselaer County Charter (Local Laws, 1972, No. 2) in article 2, § 2.07 (8), grants to the County Legislature the power to fix the compensation of all officers and employees paid from county funds except those officials whose salary is governed by State law.
The facts of this case are relatively simple. The County Executive was granted a salary increase by the County Legis *981 lature after the commencement of his term of office. The maze of laws applicable to this situation is not so simple. The interrelationship of various provisions of the NY Constitution, the County Law, the Municipal Home Rule Law, and the Rensselaer County Charter must be considered in determining whether the County Legislature had the authority to grant the County Executive a salary increase by resolution after the commencement of his term of office.
The court has reviewed other reported cases involving the Rensselaer County Charter, viz., Matter of Rock v Murphy (111 AD2d 593 [1985]), Matter of Monahan v Murphy (71 AD2d 92 [1979]), and Wiley v Hope (49 AD2d 466 [1975]). None of these cases are dispositive of the issue now presented.
County Law § 201 expresses a clear intent to limit the authority of the Board of Supervisors (General Construction Law § 13-b) to increase or decrease the salary of an official where salary is determined by the State. This same limitation is carried over in section 2.07 (8) of the Rensselaer County Charter. The Rensselaer County Executive, however, is not an official whose salary is governed by State law.
This particular limitation, therefore, is not applicable to the case now before the court. Section 7 of article XIII of the NY Constitution determines which officials are within this classification. The Rensselaer County Executive is not included within such classification.
The Rensselaer County Charter, with one important exception, contains no further limitation on the power of the County Legislature to increase or decrease the salary of any official whose salary is fixed by the County Legislature. Article 3 of the County Charter sets a minimum salary that must be paid to the County Executive. The Rensselaer County Charter empowers the County Legislature to fix the salary of the County Executive as long as it does not violate the minimum salary established in article 3 of the Charter.
If the sole law governing this situation were the County Charter, the court would have no difficulty dismissing the complaint. The court must now direct its attention to the myriad of other laws which might apply.
County Law § 201 contains a provision, not repeated in the County Charter, that provides a limitation on the power to fix salaries. This law provides that the salary of an official appointed for or elected to a fixed term may not be increased or decreased except by local law subject to a permissive referen *982 dum. The policy considerations for this limitation are obvious. An official during his term of office should not be subjected to the threat of the loss of his livelihood should he disagree with the body that sets his salary. Perhaps it is this same policy consideration that sets a minimum salary for the Rensselaer County Executive in the County Charter.
The question that must now be considered is the application of section 201 of the County Law. If it applies, then the further limitation, in excess of that contained in the County Charter, also applies. Section 2 (b) of the County Law provides that any provision of the County Law that is in conflict with or in limitation of a provision of any alternative form of county government shall not apply unless a contrary intent is expressly stated. This means that the County Charter takes priority over the County Law unless the particular section of the County Law states that it is not intended to be superseded by a county charter.
There is legal precedent for a county charter provision to take priority over a general State law. (See, Poillucci v Pattison, 95 AD2d 288, involving the Dutchess County Charter; Blass v Cuomo, 145 Misc 2d 670, involving the Suffolk County Charter.) Such power is not without limitation (see, Municipal Home Rule Law § 34, for a list of such limitations).
A careful reading of section 201 of the County Law does not evidence a clear intent that such section remain superior to any county charter. County Law § 201 places a limitation on the fixing of salaries of county officials elected or appointed to a fixed term. This limitation is not contained in the County Charter. Pursuant to section 2 (b), the limitation of authority contained in section 201 of the County Law must yield to the broader provision of the County Charter.
This court concludes that the requirement of a local law and permissive referendum contained in County Law § 201 and Municipal Home Rule Law § 24 (2) (h) are not applicable in this case. The provisions of the Rensselaer County Charter govern.
The defendants’ motion for summary judgment dismissing the complaint is granted. Plaintiff’s cross motion for summary judgment is denied. All papers are returned to the County Attorney for submission of a proposed order directly to chambers without notice. The order shall contain no provision for sanctions or costs.