■ ATM One L. L. C. et al., Appellants, v Incorporated Village of Freeport, Respondent. [714 NYS2d 721] —In a consolidated action for a judgment declaring that the amendment to Village of Freeport Code § 128-27 adopted on January 12, 1998, which increased the general license and fee schedule for residential rental permits, is unconstitutional, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (McCaffrey, J.), dated July 6, 1999, which granted the defendant's motion for summary judgment, and (2) a judgment of the same court, entered September 20, 1999, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the motion is denied, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiffs, owners of various rental properties in the Village of Freeport (hereinafter the Village), among others, instituted this action to challenge the validity of an amendment to Village of Freeport Code § 128-27 establishing a new fee schedule for residential rental permits. The fees were significantly higher than those which had been in effect before the amendment, and the Village maintained that the fee schedule was determined after an exhaustive review of the labor involved in the permit process. The plaintiffs, however, argued that the fees were revenue-producing measures bearing no reasonable relation to the administration of the permit process,

and maintained that at the very least, additional discovery was necessary. The Supreme Court granted the Village's motion for summary judgment, concluding that no "genuine issue of fact as to the reasonableness of the newly enacted rental permit schedule" existed. We disagree, and, accordingly, reverse.

It is well settled that where a license or permit fee is imposed under the power to regulate, "the amount charged cannot be greater than a sum reasonably necessary to cover the costs of issuance, inspection and enforcement * * * To the extent that fees charged are exacted for revenue purposes or to offset the cost of general governmental functions they are invalid as an unauthorized tax" (*Matter of Torsoe Bros. Constr. Corp. v Board of Trustees,* 49 AD2d 461, 465). In this case, the Village did not adequately justify, among other things, its inclusion in the calculation of the cost of administration of the rental permit program certain enforcement activities and the significant increase in fees for properties with multiple-rental units. The Village also failed to substantiate its claim that it compared its new fees with similar fees in other municipalities (*see, Jewish Reconstructionist Synagogue v Incorporated Vil. of Roslyn Harbor,* 40 NY2d 158, 163; *Bon Air Estates v Village of Suffern,* 32 AD2d 921; *Nitkin v Administrator of Health Servs. Admin. of City of N. Y.,* 91 Misc 2d 478, *affd* 55 AD2d 566, *affd* 43 NY2d 673; *Adlerstein v City of New York,* 11 Misc 2d 754, *affd* 7 AD2d 717, *affd* 6 NY2d 740). Accordingly, summary judgment must be denied.

The plaintiffs' remaining contention is without merit. O'Brien, J. P., Altman, Krausman and Schmidt, JJ., concur.