■ FAIRHAVEN APARTMENTS No. 4, INC., Appellant, v TOWN OF NORTH HEMPSTEAD, Respondent. [718 NYS2d 86] —In an action for a judgment declaring that Article VI of the Code of the Town of North Hempstead is unconstitutional, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Levitt, J.), entered December 21, 1998, which granted the defendant's motion for summary judgment dismissing the complaint and declared the subject ordinance valid.

Ordered that the order and judgment is reversed, on the law,

with costs, the motion is denied, and the complaint is reinstated.

In 1998, the defendant, Town of North Hempstead, enacted the Rental Dwelling Ordinance found in Article VI of the Code of the Town of North Hempstead (hereinafter RDO). The ordinance requires the owners of structures containing more than four rental dwelling units to obtain rental occupancy permits (*see,* RDO § 2-103). Prior to the issuance of the permit, there must be an inspection of each rental unit (*see,* RDO § 2-106), and until the permit is obtained the owner is not allowed to collect rent (*see,* RDO § 2-115 [a]). The ordinance further provides a warrant procedure for situations in which the landlord or tenant refuses to consent to an inspection (*see,* RDO § 2-111). Moreover, the landlord must pay a nonrefundable permit application fee (*see,* RDO § 2-105).

The plaintiff, the owner of an apartment complex consisting of six buildings containing 300 apartments, commenced this action challenging the constitutionality of the ordinance. Contrary to the determination of the Supreme Court, the defendant did not make a prima facie showing of entitlement to summary judgment with regard to the constitutionality of its ordinance (*see,* CPLR 3211 [b]; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). In particular, the defendant failed to submit sufficient proof to sustain its burden of showing that the amount charged for the permit fee is not "greater than a sum reasonably necessary to cover the costs of issuance, inspection and enforcement" (*Matter of Torsoe Bros. Constr. Corp. v Board of Trustees,* 49 AD2d 461, 465; *ATM One v Incorporated Vil. of Freeport,* 276 AD2d 573; *see, Suffolk County Bldrs. Assn. v County of Suffolk,* 46 NY2d 613; *Alvarez v Prospect Hosp., supra*). Accordingly, the defendant's motion for summary judgment must be denied.

In view of our determination, it is unnecessary to consider the plaintiff's remaining contentions. Mangano, P. J., Luciano, Feuerstein and Schmidt, JJ., concur.