■ FAIRHAVEN APARTMENTS NO. 4, INC., Respondent, v TOWN OF NORTH HEMPSTEAD, Appellant. [778 NYS2d 281]—

In an action for a judgment declaring, inter alia, that article VI of the Code of the Town of North Hempstead is unconstitutional, the defendant Town of North Hempstead appeals from an order of the Supreme Court, Nassau County (Segal, J.), dated May 19, 2003, which denied its motion for summary judgment declaring, inter alia, the subject ordinance constitutional.

Ordered that the order is reversed, on the law, with costs, the

motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring, inter alia, article VI of the Code of the Town of North Hempstead to be constitutional.

Article VI of the Code of the Town of North Hempstead (hereinafter Code of Town of North Hempstead) requires the owner of a dwelling unit in the Town to obtain a rental occupancy permit before allowing, inter alia, the occupancy and use of the dwelling unit as a rental (*see* Code of Town of N. Hempstead § 2-103). Further, in order to obtain a permit, the owner must pay a nonrefundable application fee (*see* Code of Town of N. Hempstead § 2-105).

The complaint's fourth cause of action alleges that the permit application fee constitutes an unauthorized tax. With respect to that cause of action, the Town made a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]) by demonstrating that the permit application fee is not "greater than a sum reasonably necessary to cover the costs of issuance, inspection and enforcement" (*ATM One v Incorporated Vil. of Freeport,* 276 AD2d 573, 574 [2000] [internal quotation marks omitted]; *Matter of Torsoe Bros. Constr. Corp. v Board of Trustees of Inc. Vil. of Monroe,* 49 AD2d 461, 465 [1975]; *see Suffolk County Bldrs. Assn. v County of Suffolk,* 46 NY2d 613 [1979]). In opposition, the plaintiff failed to raise a triable issue of fact.

With respect to the three remaining causes of action, the Town also made a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp., supra*). The plaintiff did not oppose the branches of the Town's motion which were for summary judgment with respect to those causes of action, and thus failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the Town's motion for summary judgment.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment declaring, inter alia, article VI of the Code of the Town of North Hempstead to be constitutional (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). H. Miller, J.P., Goldstein, Luciano and Spolzino, JJ., concur.