■ AMERICAN INDEPENDENT PAPER MILLS SUPPLY CO., INC., Appellant, v COUNTY OF WESTCHESTER et al., Respondents. [791 NYS2d 618]—

In an action for a judgment declaring that a $20,000 transfer station fee, imposed pursuant to Laws of Westchester County § 826-a.306 (b), was unconstitutional, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), dated October 27, 2003, as granted the defendants' cross motion to dismiss the complaint as time-barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the matter is remitted to the Supreme Court, Westchester County for further proceedings in accordance herewith.

In 1999 the Westchester County Board of Legislators enacted the Westchester County Solid Waste and Recyclables Collection Licensing Law to regulate the collection and disposal of solid waste and recyclables in the county (see ch 826-a of Laws of Westchester County). Section 826-a.306 (2) (b) of the Laws of Westchester County imposes a $20,000 per station annual fee on any licensee who owns, leases, operates, or controls a transfer station that processes recyclables. The plaintiff, such a licensee, commenced this action seeking a declaration, inter alia, that the transfer station fee was unconstitutional because the fee was greater than a sum reasonably necessary to cover the costs of issuance, inspection, and enforcement and, therefore, constituted an unauthorized tax (see Fairhaven Apts. No. 4, Inc. v Town of N. Hempstead, 8 AD3d 425 [2004]; ATM One v Incorporated Vil. of Freeport, 276 AD2d 573 [2000]). The Supreme Court, inter alia, dismissed this cause of action as time-barred. We reverse.

The Court of Appeals has stated: "In order to determine the Statute of Limitations applicable to a particular declaratory judgment action, the court must 'examine the substance of that action to identify the relationship out of which the claim arises and the relief sought' (Solnick v Whalen, 49 NY2d 224, 229 [1980]). If the court determines that the underlying dispute can be or could have been resolved through a form of action or proceeding for which a specific limitation period is statutorily provided, that limitation period governs the declaratory judgment action" (Matter of Save the Pine Bush v City of Albany, 70 NY2d 193, 202 [1987] [internal citations omitted]).

If no specific limitation period is provided, the declaratory judgment action is governed by the catch-all six-year period set forth in CPLR 213 (1). Here, the Supreme Court held that the plaintiff's challenge to the constitutionality of section 826-a.306 (2) (b) of the Laws of Westchester County could have been brought pursuant to CPLR article 78. Thus, the court dismissed the action as barred by the relevant four-month period of limitation (*see* CPLR 217). This was error. In general, a proceeding pursuant to CPLR article 78 is not available to challenge the validity of the substance of a legislative act (*see New York City Health & Hosps. Corp. v McBarnette,* 84 NY2d 194 [1994]; *Matter of Save the Pine Bush v City of Albany, supra; Press v County of Monroe,* 50 NY2d 695 [1980]; *Annenberg v Environmental Control Bd. of Dept. of Envtl. Protection of City of N.Y.,* 220 AD2d 634 [1995]). Thus, so much of the complaint as sought that relief should not have been dismissed as time-barred. H. Miller, J.P., Cozier, Ritter and Spolzino, JJ., concur.