OPINION OF THE COURT
Larry M. Himelein, J.
From 1808 until 1968, Cattaraugus County was governed by a Board of Supervisors, consisting of the supervisors of the 32 *908 towns in the county and the 16 council members from the wards in the cities of Olean and Salamanca. After Baker v Carr (369 US 186 [1962]) and its progeny were decided, a lawsuit was commenced in Cattaraugus County Supreme Court alleging that the Board of Supervisors had failed to reapportion as required. By order of February 1, 1968, Supreme Court (Ward, J.) directed the Board of Supervisors to develop an interim voting plan by May 1, 1968 and reapportion by July 1, 1968. The interim plan was approved by the court on April 30, 1968.
On August 14, 1968, the Board of Supervisors converted the form of government to a County Legislature and drew legislative districts. Supreme Court approved the legislation and ordered that the plan be placed on the ballot for the November 1968 election, at which time the plan was approved by the voters. The plan remained in effect until 1983 when the County Legislature reduced the number of legislators and reapportioned. In 1992, the Legislature again reduced the number of legislators and reapportioned.
On October 9, 2002, the Legislature attempted to further reduce the size of the Legislature and reapportion. However, the proposal was rejected by the voters on March 25, 2003. On April 23, 2003, the Legislature enacted an interim weighted voting plan until a new reapportionment plan, which also reduced the size of the Legislature, could be adopted. The mandatory referendum required to enact this legislation could not be held before July 14, 2003. However, all designating petitions for legislative seats had to be filed by July 10, 2003. Therefore, at the general election held on November 4, 2003, legislators were elected under the existing system. The new reapportionment plan, Local Law No. 2-2003 of the County of Cattaraugus, was also approved by the voters although weighted voting would continue to be used in the Legislature until the next Legislature was elected under the new apportionment plan.
In July 2006, plaintiff commenced this action seeking a declaration that the legislation reapportioning the county and reducing the size of the Legislature runs afoul of Municipal Home Rule Law § 10 (1) (ii) (a) (13) (f), which prohibits the “restructure” of a local legislative body more than once in a decade. The claim is that the Legislature’s enactment of interim weighted voting and the voters’ subsequent approval of Local Law No. 2-2003 means that defendants have restructured twice in the same decade.
The County has now moved for summary judgment on multiple grounds including the contention that an interim *909 weighted voting plan is not a “restructuring” under the Municipal Home Rule Law. Plaintiff has cross-moved for summary-judgment and also moved to add a present member of the County Legislature as a party to this action.
The court believes that the weighted voting plan adopted by the Legislature as an interim measure is not a restructuring under the Municipal Home Rule Law. Indeed, the section of that statute referenced by plaintiff specifically provides that the referenced provision “shall not prevent the periodic adjustment of the weight of the votes of representatives’ ’ (Municipal Home Rule Law § 10 [1] [ii] [a] [13] [f]).
Further, in Town of Carmel v Board of Supervisors of Putnam County (27 NY2d 975 [1970]), the Court of Appeals upheld the enactment of an interim weighted voting plan for the Board of Supervisors of Putnam County until a reapportionment plan could be approved (see also Graham v Board of Supervisors of Erie County, 18 NY2d 672 [1966]; Matter of Angell v Tompkins County Bd. of Representatives, 90 AD2d 896 [3d Dept 1982]). Plaintiffs reliance on Slater v Board of Supervisors of County of Cortland (69 Misc 2d 842 [Sup Ct, Madison County 1972], affd 42 AD2d 795 [3d Dept 1973]) is misplaced. That case simply held that the apportionment plan at issue in the case met constitutional standards.
This determination makes it unnecessary to reach the remaining issues. Accordingly, defendant’s motion for summary judgment is granted and plaintiffs motion for summary judgment is denied.