DAVID WRIGHT, Appellant, v COUNTY OF CATTARAUGUS et
al., Respondents. [838 NYS2d 301]—

Appeal from a judgment (denominated order) of the Supreme
Court, Cattaraugus County (Larry M. Himelein, A.J.), dated
January 11, 2007 in a declaratory judgment action. The judg-
ment granted defendants' motion for summary judgment
dismissing the complaint and denied plaintiff's cross motion for
summary judgment and for leave to add a party plaintiff.

It is hereby ordered that the judgment so appealed from be
and the same hereby is unanimously reversed on the law
without costs, the motion is denied, the complaint is reinstated,
the cross motion is granted in part and judgment is granted in
favor of plaintiff as follows: "It is ADJUDGED AND DE-
CLARED that Local Law No. 3 (2003) of the County of
Cattaraugus is invalid."

Memorandum: Plaintiff commenced this action seeking a dec-
laration that the adoption of Local Law No. 3 (2003) by defen-
dant County Legislature of the County of Cattaraugus (Legisla-
ture) is invalid. Local Law No. 3 reapportioned defendant
County of Cattaraugus (County) and reduced the size of the
Legislature. According to plaintiff, that legislation was in viola-
tion of Municipal Home Rule Law § 10 (1) (ii) (a) (13) (f) because
the Legislature previously restructured the legislative body by

adopting Local Law No. 2 (2003). We agree with plaintiff that Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint and in denying that part of plaintiff's cross motion for summary judgment seeking a declaration that Local Law No. 3 is invalid.

Municipal Home Rule Law § 10 (1) (ii) (a) (13) (f) provides in relevant part that "no local government may restructure its local legislative body . . . more than once in each decade . . . ; provided, however, that this prohibition shall not prevent the periodic adjustment of the weight of the votes of representatives . . . *where an existing plan distributes the votes of representatives on such a basis*" (emphasis added). Here, there was no weighted voting plan in effect when the Legislature adopted Local Law No. 2, and thus the statutory exception for the additional restructuring within a 10-year period does not apply. Local Law No. 3 therefore is invalid because it restructured the local legislative body for the second time in a 10-year period, in violation of the statute (*see generally Matter of Rock v Murphy*, 111 AD2d 593, 594-595 [1985]). We reject defendants' contention that the weighted voting plan in effect pursuant to Local Law No. 2 was merely an interim measure. Here, the so-called "interim" period was a period of over four years (*cf. Town of Carmel v Board of Supervisors of Putnam County*, 27 NY2d 975, 977 [1970]). Also contrary to defendants' contention, this declaratory judgment action is not governed by the four-month limitations period set forth in CPLR 217 and thus is not time-barred. Plaintiff commenced this action to challenge a legislative act (*see generally New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 200-201 [1994], *rearg denied* 84 NY2d 865 [1994]; *Press v County of Monroe*, 50 NY2d 695, 701-704 [1980]; *Solnick v Whalen*, 49 NY2d 224, 229-232 [1980]), and the proper procedural vehicle for challenging a legislative act is a declaratory judgment action (*see New York City Health & Hosps. Corp.*, 84 NY2d at 201; *Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 202 [1987]; *American Ind. Paper Mills Supply Co., Inc. v County of Westchester*, 16 AD3d 443, 444 [2005]; *Matter of Swanick v Erie County Legislature*, 103 AD2d 1036, 1037 [1984], *appeal dismissed* 64 NY2d 1039 [1985]). We further conclude that plaintiff has standing to seek declaratory relief, "as a qualified voter in the [County]" (*Phelan v City of Buffalo*, 54 AD2d 262, 265 [1976]). Finally, in view of our determination, there is no need to address that part of plaintiff's cross motion for leave to add a party plaintiff. Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Green, JJ. [*See* 14 Misc 3d 907 (2006).]