(September 22, 2009)

■ AMERICAN INDEPENDENT PAPER MILLS SUPPLY CO., INC., Appellant, v COUNTY OF WESTCHESTER et al., Respondents. [886 NYS2d 178]—

In an action for a judgment declaring that a transfer station fee imposed pursuant to Laws of Westchester County § 826-a.306 (2) (b) is unconstitutional, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Liebowitz, J.), entered January 28, 2008, which, after a nonjury trial, is in favor of the defendants and against it, dismissing the complaint.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the complaint and substituting therefor a provision declaring that the plaintiff did not establish that the transfer station fee imposed pursuant to Laws of Westchester County § 826-a.306 (2) (b) is unconstitutional; as so modified, the judgment is affirmed, with costs to the defendants.

In 1999 the Westchester County Board of Legislators enacted the Westchester County Solid Waste and Recyclables Collection Licensing Law (hereinafter the Solid Waste Law) to regulate the collection and disposal of solid waste and recyclables in the county (see Laws of Westchester County ch 826-a). Section 826-a.101 (1) (b) of Laws of Westchester County states that the Solid Waste Law was enacted in part to address the encroachment of organized crime on the solid waste disposal industry. Pursuant to section 826-a.201, the defendant Westchester County Solid Waste Commission (hereinafter the Commission) was created to implement and administer the Solid Waste Law.

Laws of Westchester County § 826-a.306 (2) (b) imposes a per station annual fee ranging from $12,500 to $20,000 on any licensee who owns, leases, operates, or controls a transfer station that processes recyclables. The plaintiff, which is a licensee, commenced this action for a declaration that the transfer station fee is unconstitutional.

In 2003 the Supreme Court dismissed the complaint as time-barred. This Court reversed in 2005 (American Ind. Paper Mills Supply Co., Inc. v County of Westchester, 16 AD3d 443 [2005]). Thereafter, following a nonjury trial based on the parties' submissions, the Supreme Court dismissed the complaint on the merits.

On appeal, the plaintiff contends that the transfer station fees are unconstitutionally excessive because, as a transfer sta-

tion owner, it pays more in fees than companies that only haul waste, even though the Commission does not inspect transfer stations. This contention is without merit. As the Court of Appeals stated in *Lighthouse Shores v Town of Islip* (41 NY2d 7, 11 [1976]), "[t]he exceedingly strong presumption of constitutionality applies not only to enactments of the Legislature but to ordinances of municipalities as well. While this presumption is rebuttable, unconstitutionality must be demonstrated beyond a reasonable doubt." Transfer station owners and companies that only haul waste are not similarly situated.

The record indicates that transfer station owners cause the Commission to incur the additional costs of monitoring those stations, and the plaintiff's contrary claim that the Commission does not actually inspect the transfer stations has no basis in the record. The Commission's executive director testified that Commission employees conduct transfer station investigations and review transfer station records to ensure that only licensed companies are dumping waste there. Moreover, the plaintiff's own witness testified that the Commission monitors illegal dumping at the plaintiff's transfer station, that Commission employees have personally visited the station, and that the plaintiff's employees have contacted the Commission for the purpose of initiating investigations.

The plaintiff also contends that the transfer station fees are used to fund the Commission's general operations, and that this violates the rule that a license fee cannot be "greater than a sum reasonably necessary to cover the costs of issuance, inspection and enforcement" (*ATM One v Incorporated Vil. of Freeport*, 276 AD2d 573, 574 [2000]). The fact, however, that a transfer station fee may be used to fund the Commission's general operations does not automatically render the fee an unconstitutional tax.

In *American Sugar Ref. Co. of N.Y. v Waterfront Commn. of N.Y. Harbor* (55 NY2d 11, 26-27 [1982]), the Court of Appeals explained that "[a] license fee has for its primary purpose the regulation or restriction of a business deemed in need of public control, the cost of such regulation being imposed upon the business benefitted or controlled, whereas the primary purpose of a tax is to raise money for support of the government generally." Here, as evidenced by Laws of Westchester County § 826-a.101 (1) (b), the Solid Waste Law was enacted to eradicate the influence of organized crime on the solid waste hauling industry. Additionally, the cost of such regulation is imposed on the business benefitted or controlled by such regulation.

Additionally, Laws of Westchester County § 826-a.202 (2) (b)

authorizes the Commission to "set such fees to fund the commission, its staff, salaries, fringe benefits and all of the commission's other costs and expenses." Any fees obtained are used only to fund oversight of the solid waste industry, and not for the support of government generally. Such funding methods by both municipalities and the state have previously been deemed to be fees as opposed to taxes (*see City of Buffalo v Stevenson*, 207 NY 258, 262-263 [1913]; *American Assn. of Bioanalysts v Axelrod*, 106 AD2d 53, 55 [1985]).

Accordingly, the plaintiff failed to establish any constitutional infirmity. The plaintiff's remaining contentions are without merit. The Supreme Court, however, should have issued a declaration rather than dismiss the complaint (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]; *Ware v Valley Stream High School Dist.*, 150 AD2d 14, 22 [1989], *mod* 75 NY2d 114 [1989]; *Orange & Rockland Util. v Town of Clarkstown*, 80 AD2d 846, 847 [1981]). Spolzino, J.P., Dillon, Miller and Dickerson, JJ., concur.