In a hybrid proceeding pursuant to CPLR article 78 to review the enactment of an amendment to section 110-59 of the zoning code of the Village/Town of Mount Kisco, and action, inter alia, for a judgment declaring the amendment invalid and preempted by Not-For-Profit Corporation Law article 15, the petitioner/ plaintiff appeals, as limited by its brief, from (1) stated portions of an order and judgment (one paper) of the Supreme Court, Westchester County (Lorenzo, J.), entered March 13, 2012, and (2) so much of an amended order and judgment (one paper) of the same court entered May 7, 2012, as granted those branches of the motion of the Village/Town of Mount Kisco which were to dismiss the third and fourth causes of action.
Ordered that the appeal from the order and judgment is dismissed, as that order and judgment was superseded by the amended order and judgment; and it is further,
Ordered that the amended order and judgment is modified, on the law, by deleting the provision thereof granting that branch of the motion of the Village/Town of Mount Kisco which was to dismiss the fourth cause of action, and substituting therefor a provision declaring that the subject amendment to *750 the zoning code is valid and not preempted by Not-For-Profit Corporation Law article 15; as so modified, the amended order and judgment is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the respondent.
The petitioner/plaintiff, Oakwood Cemetery (hereinafter Oakwood), is a not-for-profit cemetery corporation that has operated a cemetery in the Village/Town of Mount Kisco (hereinafter the Village) since 1883. Oakwood’s Board of Directors determined that it would be in Oakwood’s best interests to offer cremation services in addition to burial services. To that end, Oakwood prepared plans to build, on cemetery grounds, a crematory with two cremation units.
In the summer of 2008, Oakwood applied for a building permit for the crematory, but the Village’s building inspector denied the application. Oakwood did not file an appeal with the Zoning Board of Appeals. In February 2011, Oakwood again applied for a building permit. The building inspector advised Oakwood, however, that he could not consider its application because the Village’s Board of Trustees was then considering a proposed amendment to the Code of the Village of Mount Kisco (hereinafter the Village Code) which would, if enacted, affect that application (see Code of Village of Mount Kisco § 1-7 [C]). Again, Oakwood did not file an appeal with the Zoning Board of Appeals.
On June 13, 2011, the Board of Trustees amended the Village’s zoning code by adding to its “definitions” section (Code of Village of Mount Kisco § 110-59) this definition of “cemetery”: “Property used for the interring of the dead. This use shall not include facilities for cremation” (Local Law of Village of Mount Kisco No. 1-2011).
Four months later, Oakwood commenced this hybrid proceeding pursuant to CPLR article 78 and action for a declaratory judgment. Oakwood contended, among other things, that the Village’s newly added narrow definition of “cemetery” in the Village Code is unconstitutional because it is preempted by Not-For-Profit Corporation Law article 15, also known as the “cemetery law.” Not-For-Profit Corporation Law § 1502 (d) provides that “[a] public mausoleum, crematory or columbarium shall be included within the term ‘cemetery.’ ” Oakwood further contended that operation of a crematory is included within its prior, nonconforming use of its property as a cemetery.
The Village filed a pre-answer motion to dismiss the proceeding/action under CPLR 3211 and 7804 (f). The Supreme Court granted that motion.
*751 The Supreme Court correctly determined that Not-For-Profit Corporation Law article 15 did not preempt any attempt at local regulation of cemeteries under the doctrine of “field preemption.” That doctrine “applies under any of three different scenarios. First, an express statement in the state statute explicitly avers that it preempts all local laws on the same subject matter. Second, a declaration of state policy evinces the intent of the Legislature to preempt local laws on the same subject matter. And third, the Legislature’s enactment of a comprehensive and detailed regulatory scheme in an area in controversy is deemed to demonstrate an intent to preempt local laws” (Matter of Chwick v Mulvey, 81 AD3d 161, 169-170 [2010] [citations omitted]; see Vatore v Commissioner of Consumer Affairs of City of N.Y., 83 NY2d 645, 649 [1994]).
Not-For-Profit Corporation Law article 15 contains a declaration of policy stating: “[t]he people of this State have a vital interest in the establishment, maintenance and preservation of public burial grounds and the proper operation of the corporations which own and manage [them]. This article is determined an exercise of the police powers of this state to protect the well-being of our citizens, to promote the public welfare and to prevent cemeteries from falling into disrepair and dilapidation and becoming a burden upon the community, and in furtherance of the public policy of this State that cemeteries shall be conducted on a non-profit basis for the mutual benefit of plot owners therein” (N-PCL 1501).
Thus, although Not-For-Profit Corporation Law article 15 governs the operation of corporations which own and manage cemeteries, it does not expressly preempt zoning ordinances relating to land use by cemeteries. Further, there is no declaration of State policy in either Not-For-Profit Corporation Law article 15 or the rules and regulations promulgated under it that evinces any such intent (see N-PCL 1501; Beverly Hills Cemetery Corp. v Town of Putnam Val., 136 AD2d 669, 670 [1988]). Finally, the regulatory scheme under Not-For-Profit Corporation Law article 15 does not evince the Legislature’s desire to preempt the local zoning law (see Beverly Hills Cemetery Corp. v Town of Putnam Val., 136 AD2d at 670; see also Vatore v Commissioner of Consumer Affairs of City of N.Y., 83 NY2d at 650). Accordingly, the Not-For-Profit Corporation Law did not preempt the field of cemetery regulation.
The Supreme Court properly determined that Not-For-Profit Corporation Law § 1502 (d) does not invalidate the Village’s more restrictive definition of “cemetery” under the doctrine of conflict preemption. The Not-For-Profit Corporation Law is ad *752 dressed to the management of cemetery corporations, and the definition contained in the Not-For-Profit Corporation Law addresses the scope of that law. By contrast, the Village Code’s definition of “cemetery,” which excludes crematories, is addressed to land use, which is another matter entirely. Since the differing definitions of “cemetery” are addressed to differing purposes, they are not in direct conflict (see Matter of Norse Energy Corp. USA v Town of Dryden, 108 AD3d 25, 37-38 [2013], lv granted 21 NY3d 863 [2013]; cf. Matter of Lansdown Entertainment Corp. v New York City Dept. of Consumer Affairs, 74 NY2d 761, 763-764 [1989]).
After correctly determining that the zoning provision at issue was not preempted by Not-For-Profit Corporation Law article 15, the Supreme Court should have reached the merits of the fourth cause of action rather than dismissing it. A court should reach “the merits of a properly pleaded cause of action for a declaratory judgment upon a motion to dismiss for failure to state a cause of action where ‘no questions of fact are presented [by the controversy]’ ” (Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148, 1150 [2011], quoting Hoffman v City of Syracuse, 2 NY2d 484, 487 [1957]). In other words, the motion to dismiss the cause of action for failure to state a cause of action may be treated “as a motion for a declaration in the defendant’s favor and treated accordingly” (Siegel, NY Prac § 440 [5th ed 2011]; see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]; Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d at 1150). Here, since there were no factual issues concerning whether the Village Code’s definition of “cemetery” was preempted by Not-For-Profit Corporation Law article 15, it would have been appropriate to deny that branch of the Village’s motion which was to dismiss the fourth cause of action, and enter a judgment declaring that the challenged amendment to the Village Code enacted under Local Law of the Village of Mount Kisco No. 1-2011 is valid and not preempted by Not-For-Profit Corporation Law article 15. We modify the amended order and judgment to make that declaration (see Lanza v Wagner, 11 NY2d at 334; Lovelace v Gross, 175 AD2d 914, 916 [1991], affd 80 NY2d 419 [1992]).
Finally, contrary to Oakwood’s contention, the Supreme Court properly dismissed the third cause of action, which sought a judgment declaring that its proposed crematorium constituted a valid prior nonconforming use. Oakwood failed to plead that it exhausted its administrative remedies and failed to establish that the pursuit of those remedies would have been futile (see Segalla v Town of Amenia, 309 AD2d 742, 742 [2003]).
*753 The parties’ remaining contentions need not be reached in light of our determination.
Balkin, J.E, Chambers, Cohen and Hinds-Radix, JJ., concur.