The People of the State of New York, Respondent,
against
Cindy Villatoro, Appellant.




Scott Lockwood, for appellant.
Suffolk County Attorney's Office (Dennis M. Brown and Drew W. Schirmer of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Allen S. Mathers, J.H.O.), entered November 18, 2015. The judgment, after a nonjury trial, imposed a $50 civil liability, plus a $30 administrative fee, upon defendant as the owner of a vehicle which had failed to stop at a red light.




ORDERED that the judgment is affirmed, without costs.
This action was commenced to impose a civil liability upon defendant as the owner of a vehicle which had been recorded by a "traffic-control signal photo violation-monitoring" device failing to comply with a traffic-control indication in violation of Local Law No. 20 (2009) of the County of Suffolk, which established vehicle owner liability for failure to comply with traffic-control indications (see also Vehicle and Traffic Law §§ 1111-b, 1111 [d]). It was alleged in the notice of liability that, on August 27, 2015, at 8:27 a.m., defendant's vehicle was traveling northbound and did not stop at a red light at the intersection of Straight Path and Wellwood Avenue. Following a nonjury trial, the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency, found defendant liable and imposed a civil liability upon her in the sum of $50, plus a $30 administrative fee.
Contrary to defendant's contention, the administrative fee imposed by the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency, is authorized [*2]pursuant to chapter 818, article XI of the Code of Suffolk County and is not preempted by state law (see Municipal Home Rule Law § 10; People v Gray, 58 Misc 3d 155[A], 2018 NY Slip Op 50184[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; see generally Guthart v Nassau County, 55 Misc 3d 827 [Sup Ct, Nassau County 2017]). To the extent the issue raised on appeal is considered a challenge to the constitutionality of Code of Suffolk County § 818-78, such a challenge is not properly before this court since Suffolk County must first be, and was not, provided with notice of the constitutional challenge (see CPLR 1012 [b] [2]). 
Accordingly, the judgment is affirmed.
GARGUILO, J.P., MARANO and TOLBERT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 29, 2018